IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RODNEY S. RATHEAL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LINDSAY McCARTHY, SEC; TOM HARVEY, THE SALT LAKE TRIBUNE,<br><br>　　　　　Defendants. | **ORDER DENYING MOTION TO APPOINT COUNSEL (ECF NO. 18)**<br><br>Case No. 2:17-cv-00997<br><br>Judge Dale A. Kimball<br>Magistrate Judge Evelyn J. Furse |

Before the Court[1] is Plaintiff Rodney S. Ratheal's Motion to Appoint Counsel filed on October 3, 2017. (ECF No. 18.) The Court denied Mr. Ratheal's prior Motion to Appoint Counsel because he failed to provide a reason for the request or a declaration demonstrating an inability to afford counsel. (ECF No. 17.) Mr. Ratheal appeared pro se in this case but did not file an application to proceed <u>in forma pauperis</u>. As a result, the Court lacked information about Mr. Ratheal's financial eligibility for the appointment of counsel. The Court denied Mr. Ratheal's Motion to Appoint Counsel without prejudice and informed Mr. Ratheal that he could file a new Motion to Appoint Counsel that including a completed copy of an Application to Proceed in District Court Without Prepaying Fees or Costs so that the Court could assess his ability to afford counsel. (<u>Id.</u>) Mr. Ratheal subsequently filed the present Motion and included the completed

---

[1] District Judge Dale A. Kimball referred this case to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).

form.² (ECF Nos. 18 & 19.) As with the prior Motion, Mr. Ratheal's new Motion provides no reason for his request that the Court appoint counsel. (ECF No. 18.)

As the Court previously noted, while defendants in criminal actions have a constitutional right to representation by an attorney, (U.S. Const. amend. VI, Fed. R. Crim. P. 44), "[t]here is no constitutional right to appointed counsel in a civil case." Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989). Indigent parties in civil actions who cannot obtain counsel may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request" an attorney to represent an indigent party. A court has discretion under § 1915(e)(1) to appoint counsel or not. Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir. 1994). The applicant bears the burden to convince the court that his or her claim has enough merit to justify the Court's appointing counsel. McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the Court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (quoting Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991)).

While the Court finds that Mr. Ratheal may not be able to afford counsel, it exercises its discretion under 28 U.S.C. § 1915(e)(1) and declines to appoint Mr. Ratheal counsel at this time. First, reading Mr. Ratheal's filings liberally, as the Court must, (e.g., Garza v. Davis, 596 F.3d 1198, 1201 n. 2 (10th Cir. 2010)), Mr. Ratheal

---

² Mr. Ratheal incorrectly states in his Motion that "[t]he Court has already approved the plaintiff's application to file the matter in forma pauperis." (ECF No. 18.)

appears to assert negligence and libel claims pursuant to the Federal Tort Claims Act (FTCA) against two of the Defendants—the Securities & Exchange Commission ("SEC") and Lindsay McCarthy, an SEC employee—arising out of an SEC investigation and enforcement action filed in the District of Utah (Case No. 2:12-cv-01120), and a libel claim against the other two defendants—Salt Lake Tribune and Tom Harvey. (ECF No. 1). Mr. Ratheal seeks $250,000,000 in damages. (ECF No. 5.)

While Mr. Ratheal's Complaint provides facts in support of his claims, it does not appear to the Court at this time that he is likely to succeed on these claims. Among other things, the statute of limitations for a libel claim in Utah is one year. Utah Code Ann. § 78B-2-302(4). Mr. Ratheal's allegations date from 2012 and 2013. (ECF No. 1.) Mr. Ratheal filed this lawsuit on September 5, 2017, four to five years later.

In addition, the factual issues in this case do not appear complex. Mr. Ratheal was a defendant in the underlying enforcement action that forms the basis for his claims against the SEC and Ms. McCarthy. Furthermore, Mr. Ratheal's Motion provides no explanation as to why he cannot present his claims or pursue this case adequately. Finally, the legal issues in this case do not appear particularly complex.

For the reasons stated above, at this time, the Court DENIES Mr. Ratheal's Motion to Appoint Counsel without prejudice.

DATED this 10th day of October, 2017.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge