IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RODNEY S. RATHEAL,<br><br>   Plaintiff,<br><br>vs.<br><br>LINDSAY McCARTHY, SEC; TOM HARVEY, THE SALT LAKE TRIBUNE,<br><br>   Defendants. | **ORDER DENYING MOTION TO APPOINT COUNSEL (ECF NO. 22)**<br><br>Case No. 2:17-cv-00997<br><br>Judge Dale A. Kimball<br>Magistrate Judge Evelyn J. Furse |

Before the Court[1] is Plaintiff Rodney S. Ratheal's Motion to Appoint Counsel filed on October 12, 2017. (ECF No. 22.) This is the third Motion to Appoint Counsel Mr. Ratheal has filed. The Court denied Mr. Ratheal's first Motion to Appoint Counsel because he failed to provide a reason for the request or a declaration demonstrating an inability to afford counsel. (ECF No. 17.) Mr. Ratheal appeared pro se in this case but did not file an application to proceed in forma pauperis. As a result, the Court lacked information about Mr. Ratheal's financial eligibility for the appointment of counsel. The Court denied Mr. Ratheal's Motion to Appoint Counsel without prejudice and informed Mr. Ratheal that he could file a new Motion to Appoint Counsel that including a completed copy of an Application to Proceed in District Court Without Prepaying Fees or Costs so that the Court could assess his ability to afford counsel. (Id.)

---

[1] District Judge Dale A. Kimball referred this case to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).

Mr. Ratheal subsequently filed a second Motion to Appoint Counsel and included the completed form. (ECF Nos. 18 & 19.) Mr. Ratheal's second Motion provided no reason for his request that the Court appoint counsel. (ECF No. 18.) Nevertheless, the Court reviewed Mr. Ratheal's Complaint and the other filings in this case, and analyzed his request to appoint counsel under the framework set forth by the Tenth Circuit. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (factors to be considered in deciding whether to appoint counsel in a civil case to represent a person unable to afford counsel include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" (quoting Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991)). (ECF No. 20). The Court construed Mr. Ratheal's Complaint liberally since he is a pro se plaintiff. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

After reviewing Mr. Ratheal's Complaint and other filings in the case, the Court exercised its discretion under 28 U.S.C. § 1915(e)(1) and denied Mr. Ratheal's second Motion to Appoint Counsel. (ECF No. 20.) The Court concluded that the factors identified in Rucks do not weigh in favor of appointing counsel at this time. (Id.)

In reviewing Mr. Ratheal's third Motion to Appoint Counsel, the Court still concludes, for the reasons set forth in its Order denying Mr. Ratheal's second Motion to Appoint Counsel, that the factors identified in Rucks do not weigh in favor of appointing counsel at this time. Furthermore, the Court notes that the fact Mr. Ratheal is not trained in the law does not move the third factor in Rucks—the litigant's ability to present his claims—in Mr. Ratheal's favor. See Abu-Fakher v. Bode, 175 F. App'x 179, 185 (10th Cir. 2006) ("while plaintiff argues that he is untrained in the law, the same

may be said for any pro se claimant.") (unpublished). Mr. Ratheal has not identified any special circumstances, such as a disability, that would impair his ability to present his claims. See Rucks, 57 F.3d at 979 (plaintiff "has also failed to demonstrate the existence of any special circumstances such as those in McCarthy v. Weinberg, where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communication.")

For the reasons set forth in the Court's prior order (ECF No. 20) and those stated above, the Court DENIES Mr. Ratheal's third Motion to Appoint Counsel without prejudice. However, as this case progresses, if the Court finds appointed counsel for Mr. Ratheal warranted it can do so sua sponte. Mr. Ratheal does not need to file any further motions to appoint counsel.

DATED this 13th day of October, 2017.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge