# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **RODNEY S. RATHEAL,**<br><br>Plaintiff,<br><br>v.<br><br>**LINDSAY McCARTHY, SECURITIES AND EXCHANGE COMMISSION, TOM HARVEY, and THE SALT LAKE TRIBUNE,**<br><br>Defendant. | **ORDER AFFIRMING & ADOPTING REPORT & RECOMMENDATION**<br><br>Case No. 2:17CV997DAK<br><br>Judge Dale A. Kimball |

This court referred the present case to Magistrate Judge Evelyn Furse under 28 U.S.C. § 636(b)(1)(B). On August 31, 2018, Magistrate Judge Furse issued a Report and Recommendation, recommending that this court grant Defendants Tom Harvey and The Salt Lake Tribune's ("Tribune Defendants") Motion to Dismiss. Plaintiff Rodney S. Ratheal filed objections to Magistrate Judge Furse's Report and Recommendation on September 14, 2018, and the Tribune Defendants filed a response to Plaintiff's objections on September 17, 2018.

This court employs a *de novo* standard of review when reviewing a magistrate judge's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b). After reviewing Plaintiff's Second Amended Complaint, the parties' briefing on the Tribune Defendants' motion to dismiss, Magistrate Judge Furse's Report and Recommendation,

Plaintiff's objections to the Report and Recommendation, and the Tribune Defendants' response to Plaintiff's objections, the court finds no basis for reversing or modifying Judge Furse's Report and Recommendation. Plaintiff's objections do not change the applicable legal analysis. Despite the fact that Plaintiff did not reside in Utah when the article was published, the article was widely published and disseminated at that time. Accordingly, the statute of limitations began to run in December 2012, and Plaintiff's defamation claim is time barred. Plaintiff also objects to the Report and Recommendation's conclusion that the alleged defamatory statements were substantially true. Plaintiff contends that the statements in the article were "not substantially true as a matter of law, because allegations remain allegations with no truth value credited in No Admit No Deny settlements." However, the article clearly stated that Plaintiff entered a consent judgment in which he did not admit nor deny the allegations. The article was merely reporting on publicly available information, did not mischaracterize or distort those records, and used language such as "according to the lawsuit." Moreover, the perception of one reader in the Tribune's online "comments" section, does not support a plausible defamation claim.

Therefore, the court affirms and adopts Magistrate Judge Furse's August 31, 2018 Report and Recommendation its entirety as the Order of this court. Accordingly, the Tribune Defendants' Motion to Dismiss is GRANTED.

DATED this 19th day of September, 2018.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge